UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-2446 (DSD/ECW)

The American Registry of
Radiologic Technologists,

        Plaintiff,

v.                                      **ORDER**

Carlos Gonzalez, Jr.,

        Defendant.


       Payton E. George, Esq. and Dorsey & Whitney LLP, 50 South 6th Street, Suite 1500, Minneapolis, MN 55402, counsel for plaintiff.

       Michael D. Schwartz, Esq. and Schwartz Law Firm, 600 Inwood Avenue, North, Suite 130, Oakdale, MN 55128, counsel for defendant.


       This matter is before the court upon the motion for summary judgment and preliminary injunction by plaintiff The American Registry of Radiologic Technologists (ARRT).  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

       This contract and trademark dispute arises out of defendant Carlos Gonzalez, Jr.'s admission that he falsified ARRT credentials to secure employment as a radiologic technologist. ARRT certifies and registers radiologic and medical imagining

technologists.   It does so with the goal of promoting "high standards of patient care by recognizing qualified individuals in medical   imaging,   interventional   procedures,   and   radiation therapy."  Reynolds Decl. Ex. 1.  To achieve ARRT certification, applicants must complete coursework tailored to their discipline and pass an examination.  Id. Ex. 2.  Once certified, ARRT members – referred to as Registered Technologists - receive a certificate and credential card, which bears the ARRT certification marks. See id. Ex. 11.  It is undisputed that the marks are registered with the United States Patent and Trademark Office (USPTO) and have been used continuously in interstate commerce for many decades.  See id. Exs. 7-8.  Registered Technologists must renew their membership annually to maintain their accreditation.  Id. Ex. 6.  To be eligible for renewal, they must be current with continuing education requirements and in compliance with ARRT's rules and regulations and code of ethics.  Id.

"ARRT is the largest organization of radiologic technologists in the country and is the only organization in the country that registers  and  certifies  individuals  qualified  in  radiology." Reynolds Decl. ¶ 8.  As such, state agencies, hospitals, and healthcare employers across the country rely on ARRT's registry to identify qualified prospective employees.  Id. ¶ 14.  In addition, many states use ARRT exam scores and/or ARRT accreditation in

determining whether to grant a radiological license to a particular individual.  Id. ¶ 15.  Health care facilities and insurers may require ARRT accreditation for employment and procedure reimbursement.  Id. ¶¶ 15-16.  In other words, ARRT accreditation is key to securing employment as a radiological technologist.

Gonzalez was certified with ARRT through September 30, 2004. Compl. ¶ 30; Answer ¶ 4.  In December 2018, ARRT discovered that Gonzalez presented a seemingly valid ARRT credential card when he applied for a job as a nuclear medicine technician in Florida. Reynolds Decl. ¶¶ 24, 27; id. Ex. 11.  Gonzalez's employer contacted ARRT to confirm his accreditation while investigating allegations that he was stealing patient credit cards.[1]  Reynolds Decl. ¶¶ 25-26.  Gonzalez admits that he falsified the credential card by using someone else's card and replacing the individual's identification number, name, and address with his own.  Compl. ¶ 34; Answer ¶ 7.

ARRT sent Gonzalez letters demanding that he stop using falsified ARRT credentials, but it appears that he did not respond. Reynolds Decl. ¶ 28.  ARRT ultimately sued Gonzalez in the Southern District of Florida for trademark infringement, unfair

---

[1]  Gonzalez pleaded guilty to four counts of unlawful possession of stolen credit cards and was sentenced to two years' probation.  George Decl. Ex. 17.

competition, and violation of Florida's deceptive and unfair trade practices act. George Decl. Ex. 18. The parties entered into a settlement agreement in September 2019 (Agreement). See Reynolds Decl. Ex. 12. Gonzalez did not retain counsel before signing the Agreement, but he admits that he had an opportunity to do so. Id. ¶ 11; George Decl. Ex. 13. He also admits that he read the Agreement before he signed it. George Decl. Ex. 13; see also Reynolds Decl. Ex. 12 ¶ 11.

In the Agreement, Gonzalez admitted to falsifying the ARRT credential card and agreed to refrain from doing so again and from otherwise falsely representing that he is certified by ARRT. Reynolds Decl. Ex. 12 ¶ 1. He conceded that falsifying the card "constituted an unlawful and deceptive act as well as infringement upon ARRT's trade name and marks." Id. ¶ 2. Gonzalez agreed that he would be in default of the Agreement if he represented that he was registered with ARRT or provided an invalid ARRT credential card or certificate. Id. ¶ 8. He acknowledged that "he will be determined ineligible for certification and registration," but that he could request that the ARRT ethics committee remove his sanctions. Id. ¶ 5. He also acknowledged that were he to default, ARRT would be damaged in the amount of $10,000 per event of default, and that such amount is a good faith approximation of the harm to ARRT rather than a penalty. Id. ¶ 9. He further agreed

4

to the entry of a permanent injunction in the event of default. Id. ¶ 10. In exchange, ARRT agreed to withdraw its request for an injunction and damages and to drop the lawsuit. Id. ¶ 4. Consistent with the Agreement, the court dismissed the case. George Decl. Ex. 20.

Notwithstanding the Agreement, Gonzalez again falsified an ARRT certification card to secure employment at a medical center in Florida. Cuervo Decl. ¶¶ 4-6; id. Exs. B, C, D. He submitted the falsified card on February 6, 2020, and again on June 25, 2020. Id. ¶¶ 506. Based on the card, the employer believed that Gonzalez was accredited with ARRT. Id. ¶ 10. The employer discovered that Gonzalez's credentials were falsified and notified ARRT accordingly in October 2020. Id. Ex. D, at 1. The employer would not have hired Gonzalez as a nuclear medicine technician had it known that he was not ARRT certified. Id. ¶ 13.

On December 2, 2020, ARRT commenced this action alleging that Gonzalez breached the Agreement; engaged in trademark infringement, in violation of section 32(1) of the Lanham Act; engaged in unfair competition, in violation of section 43(a) of the Lanham Act; engaged in common law trademark infringement and unfair competition; and violated Florida's deceptive and unfair

trade practices act.[2]   ARRT seeks a permanent injunction prohibiting Gonzalez from directly or indirectly using its trademarks and from representing that he is registered, certified, or affiliated with ARRT.   ARRT also seeks $20,000 in liquidated damages as set forth in the Agreement ($10,000 for each event of default), among other monetary damages associated with trademark infringement.

Gonzalez has admitted that he falsified ARRT credentials and that it was wrong to do so.   Answer ¶ 7.   To explain his behavior, Gonzalez says that before he signed the Agreement, he was told by counsel for ARRT that he could apply to ARRT for reinstatement if he passed the certification test.   Id. ¶ 8; Schwartz Decl. Ex. B, at 2.   He contends that he "attempted to become recertified and reinstated multiple times" but does not provide any details as to what those attempted entailed.   See Schwartz Decl. Ex. B, at 2. He seems to suggest that ARRT prevented him from being reinstated or from taking the test, but again provides no information to support that contention.   See id.   ARRT now moves for summary judgment and a permanent injunction.

---

[2]   Minnesota law applies to the Agreement and Gonzalez consented to jurisdiction in Minnesota.   Reynolds Decl. Ex. 12 ¶¶ 7, 14.

**DISCUSSION**

## I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S.

7

at 322-23.

## II.  Breach of Contract Claim

ARRT alleges that Gonzalez breached the Agreement by twice presenting a falsified ARRT certification card in 2020.  Gonzalez admits that he did so but argues that the Agreement cannot be enforced because it is based on mistake or misrepresentation and is unconscionable.

Under Minnesota law, "in the absence of fraud, mistake, duress, coercion, or unconscionable terms, a literate party who signs a contract - even if that signature is in ignorance of the document's contents - remains bound by the contract's terms and conditions." Stanley v. Wings Holdings, Inc., No. 3-96-1141, 1997 WL 826175, at *3 (D. Minn. Sept. 23, 1997).  "A party therefore signs a contract at [his] own peril." Johnson v. Hubbard Broad., Inc., 940 F. Supp. 1447, 1454 (D. Minn. 1996).

Gonzalez first argues that the Agreement is unenforceable because he signed it in mistake or based on misrepresentation.  He specifically argues that he understood that he would be able to reapply for certification with ARRT based on a conversation he had with counsel for ARRT.[3]  Although he does not directly say so, he

---

[3] Notably, Gonzalez's argument does not necessarily conflict with the Agreement, which provides that he may ask the ARRT ethics board to remove his sanctions so he may seek recertification. Again, however, the record is devoid of any evidence that he made

suggests that ARRT has somehow prevented him from getting recertified.  As noted, however, he has provided no evidence to support his position.[4]  Under these circumstances, a reasonable jury could not conclude that the Agreement was signed in mistake or based on misrepresentation.

Gonzalez next argues that the Agreement is unenforceable because the liquidated damages provision is unconscionable.  He contends that ARRT has been damaged, at most, in the amount of $340 in lost registration fees plus $710 for costs incurred in investigating his admittedly falsified credentials.  ARRT responds that the liquidated damages amount – $10,000 –  includes not only actual damages but the loss of good will and profits associated with Gonzalez's breaches and attorney's fees incurred in the events leading up to the Agreement.  The court agrees with ARRT.

A contract is unconscionable if it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other."  Vierkant by Johnson v. AMCO Ins. Co., 543 N.W.2d 117, 120 (Minn. Ct. App. 1996) (quoting In re Hoffbeck, 415 N.W.2d 447, 449 (Minn. Ct. App.

---

any such request to ARRT.

[4]   Even if Gonzalez had provided probative evidence of an oral representation made by counsel for ARRT, his position would remain untenable given the Agreement's integration clause, which provides that any previous "written or oral representations" are excluded from its terms.  Reynolds Decl. Ex. 12 ¶ 13.

9

1987)).  "Whether a contract is unconscionable is a question of law." Weller v. Time Ins. Co., No. 08-416, 2008 WL 295033, at *2 (D. Minn. July 28, 2008).

In determining whether a liquidated damages provision is enforceable, "[t]he controlling factor ... is whether the amount agreed upon is reasonable or unreasonable in the light of the contract as a whole, the nature of the damages contemplated, and the surrounding circumstances." Gorco Constr. Co. v. Stein, 99 N.W.2d 69, 74 (Minn. 1959). The Eighth Circuit Court of Appeals has recognized that "[l]iquidated-damages clauses function best when damages include items such as goodwill and loss of profits, which can be difficult to evaluate." Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 472 (8th Cir. 2004) (citing Meuwissen v. H.E. Westerman Lumber Co., 16 N.W.2d 546, 550 (Minn. 1944)).

Based on the record, the court finds that the liquidated damages provision is reasonable and enforceable. The $10,000 per default amount reflects not only quantifiable damages suffered by ARRT but also the loss of good will, which is "difficult and costly to quantify," and attorney's fees incurred in securing the Agreement, which Gonzalez almost immediately disregarded. Berghauer Decl. Ex. A, at 10. As a result, the Agreement is

10

enforceable, and Gonzalez is required to pay $20,000 in liquidated damages.

## III. Trademark and Unfair Competition Claims

ARRT alleges that Gonzalez's unpermitted use of its marks violated the Lanham Act, constituted common law trademark infringement and unfair competition, and violated the Florida deceptive and unfair trade practices act.

"To prove a trademark infringement claim, a plaintiff must show that it has a valid, protectible mark and that there is a likelihood of confusion between its mark and the defendant's mark." B & B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 389 (8th Cir. 2009) (citation omitted).[5]   Specifically, the Lanham Act makes unlawful the unauthorized:

> use in commerce [of] any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114.  It likewise prohibits the use of:

---

[5]   Claims for common law unfair competition and common law trademark infringement ... parallel claims under the Lanham Act" and are analyzed together.  Edina Realty, Inc. v. TheMLSonline.com, No., 04-4371, 2006 WL 737064, at *3 (D. Minn. Mar. 20, 2006).  Likewise, Florida statutory unfair competition law is analyzed under the same framework as federal trademark infringement law.  Investacorp, Inc. v. Arabian Inv. Banking Corp., 931 F.2d 1519, 1521 (11th Cir. 1991).

> any word, term, name, symbol, or device, or any
> combination thereof, or any false designation of
> origin, false or misleading description of fact, or
> false or misleading representation of fact, which
> ... is likely to cause confusion, or to cause
> mistake, or to deceive as to the affiliation,
> connection, or association of such person with
> another person, or as to the origin, sponsorship, or
> approval of his or her goods, services, or
> commercial activities by another person ....

Id. § 1125(a).

There is no dispute that ARRT marks are valid and protectable. Nor is there any dispute that Gonzalez used those marks without authorization. Rather, Gonzalez denies that his use of the marks was unlawful because he was not in competition with ARRT and did not try to pass the marks off as his own. The court disagrees. Gonzalez's conduction plainly violated the law. First, he used copies of the marks in offering his services to prospective employers, in clear violation of section 32(a) of the Lanham Act. See 15 U.S.C. § 1114. And he used the marks to misrepresent that he was affiliated with ARRT, in clear violation of section 43 of the Lanham Act. See 15 U.S.C. § 1125(a). There is no reasonable dispute that Gonzalez's forged ARRT credential card created a likelihood of confusion. It is not a reach to conclude that presenting a forged ARRT to prospective employers with the ARRT marks would create the false impression that he was accredited by ARRT. Indeed, Gonzalez's most recent employer attested that she

12

believed he was accredited with ARRT because of the falsified credentials, and that she would not have hired him absent ARRT credentials.  Cuervo Decl. ¶ 13.

As a result, there is no genuine issue of material fact precluding summary judgment in ARRT's favor.  As to damages on the trademark and related claims, ARRT has submitted an expert report setting forth and substantiating the damages it has incurred.  See Berghauer Decl. Ex. A.  Gonzalez has not disputed the report or its basis.  After a careful review of the report, the court finds it to be reasonable and well supported.  As such, the court will award ARRT damages in the amount of $36,664.00.

The court will also issue a permanent injunction as set forth below.  The court finds that such relief is reasonable and appropriate in light of section 10 the Agreement, in which Gonzalez consented to the entry of a permanent injunction in the event of default.[6]

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED that:**

1.   The motion for summary judgment and for permanent injunction [ECF No. 35] is granted;

---

[6] Further, at the hearing in this matter, Gonzalez's counsel conceded that a permanent injunction is appropriate.

2.   Judgment shall be entered in favor of plaintiff;

3.   Plaintiff is awarded $20,000 for defendant's breach of contract and $36,664 for defendant's trademark infringement;

4.   Plaintiff shall recover its reasonable attorney's fees and costs incurred in this lawsuit and may file a fee petition and within fourteen days of this order.  Defendant shall file a response seven days after plaintiff files its petition;

5.   Defendant is permanently enjoined, pursuant to 15 U.S.C. § 1116, from directly or indirectly using, reproducing, copying, or imitating the ARRT® trademarks, service marks, certification marks, or any other mark, word, or name similar to the ARRT® trademarks, which is likely to cause confusion, mistake, or to deceive;

6.   Defendant is ordered, pursuant to 15 U.S.C. § 1118 to deliver to ARRT all materials in his possession, custody, or control bearing, containing, or using the ARRT® trademarks, service marks, or certification marks;

7.   Defendant is ordered to file with the court and serve on ARRT within thirty days after the filing of this order, a written report, made under oath, setting forth in detail the manner and form in which he has complied with this order; and

8.   If at any time defendant is found to have violated this order, he shall be liable for all attorney's fees reasonably

14

incurred in any action to enforce this order or otherwise remedy such violation.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 14, 2022

s/David S. Doty
David S. Doty, Judge
United States District Court